```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

JOHNNY BRITTON,                    )
                                   )
                Plaintiff,         )
                                   )
      v.                           )    No.  09 C 5510
                                   )
CITY OF CHICAGO, et al.,           )
                                   )
                Defendants.        )
```

## MEMORANDUM ORDER

Counsel for defendants City of Chicago and several of its police officers have delivered to this Court's chambers a copy of their notice of motion, which they have scheduled to be presented on October 28, and by which they seek a 45-day extension to plead to the Amended Complaint ("AC") brought against them by Johnny Britton ("Britton"). Although the occasions on which this Court denies motions for extension are somewhat rarer than hen's teeth, this motion is a poster child for one of those extreme rarities.

True enough, the notice of presentment permissibly stretches to the extreme limit the provision of this District Court's LR 5.3(b) that authorizes the scheduled presentment date to be no more than ten business days after delivery of the notice to the court: That delivery date was October 14, so that an October 28 presentment date is exactly ten business days thereafter. But that is troubling under the circumstances here.

To begin with, this action was originally filed in the Circuit Court of Cook County back in late June 2008, so that the

state court lawsuit was already more than a year old when federal claims were added by the August 14, 2009 filing of the AC, also adding the police officer defendants. Then, despite the knowledge thus provided by the AC that the action was removable to this District Court, it took three weeks for the Chicago Corporation Counsel's office to file its Notice of Removal ("Notice") on September 4.[1]

So the picture presented by the Notice is this: Britton's AC converted the original state law battery claim, which had referred to an unknown police officer (named as "John Doe"), into a multicount battery-plus-42 U.S.C. §1983 action arising out of the identical incident--but this time with the four officers involved in the alleged misconduct being added as defendants. That identification had obviously been the product of the investigation and discovery engaged in by both Britton and City's lawyers during the intervening 14 months (June 27, 2008 to August 14, 2009). And two more months have elapsed since then, still without any responsive pleading forthcoming from City or its officers.

No conceivable justification appears to support the assertion that more than a nominal additional period of

---

[1] As this Court's promptly issued September 8 memorandum order pointed out, that Notice did not comply with the requirement of 28 U.S.C. §1446(a). Nonetheless, although this Court therefore did not have all of the relevant documents in hand, the Corporation Counsel's office did.

time--certainly not 45 days!--is needed to frame the required responsive pleading. To be sure, this Court recognizes that the apparent recent change in policy that has moved Section 1983 litigation from the City's Corporation Counsel's office to private law firms requires some modest adjustment to permit the new counsel to look into the case (although if the Corporation Counsel were to have made a like request, that might arguably bring the lawyer liability provisions of 28 U.S.C. §1927 into play). But the Corporation Counsel's work during the last 16 months is necessarily available to the presently moving new counsel.

Accordingly the motion for extension is denied as framed. Instead defense counsel are granted only until October 23 to file any motion targeting the AC (something that requires only legal analysis and no factual inquiry) or until October 28 to file an answer to the AC (if an answer is their choice). This Court retains the earlier-scheduled status hearing of 9 a.m. October 28, 2009.

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: October 19, 2009